A True Copy

Attest: *Sally A. Worgu* (?)
Clerk of Court

STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE

CUMBERLAND, SS
CLERK'S OFFICE

2007 JUL 13 P 3: 24

SUPERIOR COURT
CRIMINAL ACTION
Docket No. CR-07-381

DONALD L. GARBRE
LAW LIBR

JAN 07

STATE OF MAINE,

v.                                                        DECISION

THOMAS TIBBETTS,

Defendant.

The State has utilized an accident reconstruction expert to provide evidence in this aggravated assault and reckless conduct case. The State's expert, Sgt. Alan Hall, went to the scene on August 6, 2004, the day of the accident, recorded his coordinates in writing and did the other things that accident reconstruction experts do. Later he entered all of his recorded information into a computer program, which produced a diagram of the accident. The diagram purports to illustrate how the accident occurred and the State seeks to introduce this evidence.

Sgt. Alan Hall destroyed his handwritten record of the coordinates in 2004, shortly after he entered the information into the computer. He saw no reason to keep his handwritten findings because they were in the computer. When the sheriff's department changed computer programs in 2006 the department carelessly erased the coordinate data which constitutes the factual basis for Sgt. Hall's and the computer's conclusion. Sgt. Hall has no memory of the coordinates.

Defendant Thomas Tibbetts, after being indicted in February 2007, hired his own expert, Joseph Stevenson. Mr. Stevenson stated that he can testify that one or more of Sgt. Hall's procedures were either improper or could have been done better, but he cannot testify that the computer's conclusions were right or wrong. Nor, if wrong, can he testify as to any alternative scenarios. Mr. Stevenson says he needs the coordinates

to do that. Nor can either Mr. Stevenson or Sgt. Hall testify whether the coordinates were correctly fed into the computer because Sgt. Hall destroyed the hand written findings that he fed into the computer.

Mr. Tibbetts has now moved for sanctions pursuant to M.R.Crim.P. 16(d) because of the State's failure to provide essential discovery.

Nobody is suggesting that the State deliberately destroyed all record of the coordinates. The State is guilty only of carelessness. However, the ultimate issue is whether the defense has been denied evidence necessary to its case. It is clear that the defense has been denied evidence necessary to its case. Mr. Tibbetts was not indicted until February 2, 2007. By then there was no useful evidence remaining at the accident scene. Mr. Stevenson needs the underlying coordinate data before he can attempt to challenge the State's expert. The State has carelessly destroyed the needed data. Sanctions are in order.

After carefully considering the relevant case law provided by the defense and the State, I conclude that it is appropriate that the State be precluded from presenting any accident reconstruction evidence at trial.

I note the following facts:

1.      Mr. Tibbetts promptly sought discovery of the coordinates after being indicted.

2.      There is no evidence that Mr. Tibbetts was aware an accident reconstruction analysis would be important prior to February of 2007. By then time and the weather had eliminated the evidence at the scene, Sgt. Hall had destroyed his written findings and the sheriff's department had erased the only remaining evidence of the coordinates.

2

3. The destruction and erasure of the coordinates has made it impossible for Mr. Tibbetts' expert to conduct a meaningful analysis. Unlike the situation in some of the cases cited by the State, the factual data in this case that underlies the ultimate conclusion has been destroyed.

4. It is impossible to hold an evidentiary hearing to determine that the missing data contained no exculpatory evidence. With the scene of the accident compromised and with the underlying data having been destroyed, all we have is Sgt. Hall's faith in his computer's ultimate conclusion.

5. There was no evidence presented to me that the accident reconstruction computer program at issue here was generally reliable. On the contrary, it was replaced by a more reliable program. Even if it was reliable, the destruction of Sgt. Hall's handwritten findings makes it impossible to determine if he accurately transposed his findings into the computer. He acknowledged that he had made mistakes in the past in this regard.

Looking at the totality of the evidence, I am satisfied that the sanction discussed above is appropriate.

DATED:     July 13, 2007

_W. S. Brodrick_
William S. Brodrick
Active Retired Justice, Superior Court

3